IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-00322-F

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| JACKIE DOBSON PRITCHETT, TONY EDWIN PRITCHETT, JR., TONY EDWIN PRITCHETT, SR., IMAGE FINANCIAL, LLC, *d/b/a C & S Financial, d/b/a Image, d/b/a/ Image Communications, d/b/a Image Marketing, d/b/a Image Communication/Marketing, d/b/a Image Communication Marketing,* | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's motion to compel discovery [DE-58]. Defendants have not responded, and the matter is ripe for decision.

This matter was initiated to collect restitution from Defendant Jackie Pritchett by avoidance of certain alleged fraudulent transfers among the Defendants. On July 12, 2010, Plaintiff served, by hand delivery to Defendants' counsel, interrogatories and requests for production of documents to all Defendants. Defendants did not respond to the discovery requests by the August 12, 2010 deadline, and Defendants' counsel did not respond to Plaintiff's counsel's inquiries regarding the discovery. On August 19, 2010, Plaintiff filed the instant motion to compel responses to interrogatories and document requests. On August 24, 2010, Defendants' counsel hand-delivered responses to Plaintiff's counsel. On August 25, 2010, Plaintiff notified Defendants that the responses were deficient, and the following day Defendants remedied some, but not all, of the

alleged deficiencies. On August 27, 2010, Defendants produced some additional documents. On August 30, 2010, Plaintiff filed a supplement to its initial motion to compel, which outlined the remaining alleged deficiencies in Defendants' responses.

Rule 37 of the Federal Rules of Civil Procedure provides that "[a] party seeking discovery may move for an order compelling an answer [or] production . . . if . . . a party fails to answer an interrogatory submitted under Rule 33, or [] a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34." Fed. R. Civ. P. 37 (a)(3)(iii) & (iv). Interrogatories must be answered fully within 30 days unless a timely objection is stated, and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33 (b)(3) & (4). In response to document requests, a party must produce or permit inspection of the documents within 30 days or state an objection. Fed. R. Civ. P. 34(b)(2). Plaintiff contends that Defendants failed to fully answer interrogatories and failed to produce documents and that Defendants' objections were untimely. Pursuant to Local Civil Rule 7.1(c), "No motions to compel discovery or other motions relating to discovery or inspection will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection." The Court will examine in turn each deficiency specifically raised by Plaintiff.

A.  **Second Set of Discovery to Tony Pritchett, Sr. - Document Request Nos. 3-5**

Plaintiff requested (1) all documents identified in Pritchett's May 17, 2010 deposition, including certain enumerated financial documents related to, among other things, back taxes and payment of Pritchett's mortgage by Judy Caldwell; (2) all documents related to the liabilities listed

2

on a specified loan application; and (3) all bank statements, credit card statements, cancelled checks, and other specified financial documents in any bank account in which Defendant had an interest since 1999. Defendant Pritchett responded, in pertinent part, that he had no documents concerning back taxes, payment of Pritchett's mortgage by Judy Caldwell, or the loan application liabilities and that it would be a financial hardship to produce the financial documents related to his bank accounts. Defendant also objected that Plaintiff would receive some of the documents through a subpoena, presumably to Defendants' banks. Plaintiff contends that Defendant Pritchett failed to provide information as to what efforts, if any, he had made to get the responsive documents.

As an initial matter, Defendant Pritchett's objections were not timely lodged as required by the Civil Rules, and he has made no showing of good cause to excuse this failure. Accordingly, he has waived his objections. *See Loftin v. Nationwide Mut. Ins. Co.*, No. 7:09-cv-118-F, 2010 WL 4117404, at *3 (E.D.N.C. Oct. 18, 2010) (citing Fed. R. Civ. P. 33(b)(4)). Additionally, the Court has considered these requests and, based on the allegations in the complaint, finds that they are within the scope of discovery set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Therefore, the Court orders that Defendant Tony Pritchett, Sr. produce or allow inspection of the documents requested that are within his *possession, custody or control*. Counsel for the parties shall coordinate regarding subpoenaed financial records, such as bank statements, already produced to Plaintiff to avoid the waste of resources and undue burden on Defendant Pritchett.

**B.     Second Set of Discovery to Tony Pritchett, Sr. - Interrogatory No. 2**

Plaintiff's Interrogatory No. 2 asked Defendant Pritchett to describe in detail the rental income that is set forth in a specified loan application. Defendant Pritchett responded that he received no rental income and that the information was a projection only. Plaintiff contends that the

3

response is insufficient in that it does not identify the property and projected income. The Court agrees that Defendant Pritchett interprets the interrogatory too narrowly, and orders that he fully answer Interrogatory No. 2 by describing the components of the projected figure.

### C. Second Set of Discovery to Image Financial - Document Request No. 1

Plaintiff requested bank records from Defendant Image Financial, and Defendant responded that it does not have access to the records and that it would be a financial hardship to obtain those records. As discussed in part A, *supra*, the Defendant's objections were not timely lodged as required by the Civil Rules, and he has made no showing of good cause to excuse this failure. Accordingly, Defendant Image Financial has waived its objections. *See Loftin,* 2010 WL 4117404, at *3 (citing Fed. R. Civ. P. 33(b)(4)). Additionally, the Court finds that, based on the allegations in the complaint, this request is within the scope of discovery set forth in Rule 26(b)(1). Therefore, the Court orders that Defendant Image Financial produce or allow inspection of the documents requested that are within its *possession, custody or control*. Again, counsel for the parties shall coordinate regarding subpoenaed financial records already produced to Plaintiff to avoid the waste of resources and undue burden on Defendant Image Financial.

### D. Third Set of Discovery to Tony Pritchett, Sr. and Tony Pritchett, Jr. and Second Set of Discovery to Jackie Pritchett

Plaintiff contends that Defendants' untimely objected to written discovery requests hand delivered to Defendants' counsel on July 27, 2010. However, Plaintiff's motion and memorandum did not "set[] forth or have attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection." Local Civil Rule 7.1(c). Accordingly, the Court cannot

independently evaluate these discovery requests and cannot compel Defendants' further response to these specific requests at this time.

## CONCLUSION

Plaintiff's motion to compel [DE-58] is **GRANTED IN PART AND DENIED IN PART** in conformity with the above, and Defendants shall have **14 days** from the date of this order to supplement their responses.

This the 29th day of October, 2010.

DAVID W. DANIEL
United States Magistrate Judge